UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT McDANIELS,

        Petitioner,

vs.

R.J. KIRKAND, Warden,

        Respondent.

No. C 05-0904 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case filed pro se by a state prisoner. The petition was denied and judgment entered on August 25, 2009. On September 25, 2009, petitioner filed a timely notice of appeal and a request for a certificate of appealability ("COA"). On October 16, 2009, he filed a motion for an extension of time to file an amended notice of appeal, and on October 30, 2009, filed an amended notice of appeal.

The rules do not provide a deadline for filing an amended notice of appeal in this situation, and in any event petitioner's first notice of appeal was sufficient. *See* Fed. R.App.P. 3(c) (contents of notice of appeal); Fed. R.App.P. 4(a)(4)(B)(ii) (thirty days to file amended notice of appeal following ruling on certain post-judgment motions). The main difference between the two filings is in the discussion of why a COA should be granted, something that is separate issue from the timeliness or adequacy of the notice of appeal itself. Petitioner's motion for an extension of time to file an amended notice of appeal (document number 50 on the docket) is **DENIED** as unnecessary.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

For the reasons set out in the order denying the petition, jurists of reason would not find the result debatable or wrong. Petitioner's requests for a certificate of appealability (documents 49 and 52) are **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: 1/19/10

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.05\MCDANIELS904.COA.wpd